IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DONTE BREWER**, | ) CIVIL ACTION NO. 20-1203 |
| | ) |
| Plaintiff, | ) JUDGE JOY FLOWERS CONTI |
| | ) |
| v. | ) |
| | ) |
| **BARRY SMITH, B.J. SALAMON, K. SHEA, B. KOVAK, MILLS, SHAFFER, OWENS and JOHN DOE,** | ) |
| Defendants. | |

## MEMORANDUM OPINION

I. Introduction

Pending before the court are objections and a motion in opposition to report and recommendation ("R&R") (ECF Nos. 29, 30) filed by pro se plaintiff Donte Brewer ("Brewer"). On May 17, 2021, the magistrate judge filed an R&R (ECF No. 28) recommending that the motion to dismiss (ECF No. 21) be denied with respect to defendants correctional officers Shaffer and Owens, and granted with respect to defendants Superintendent Smith, Deputy Salamon, Captain Shea, Lieutenant Kovak, Sergeant Mills and corrections officer John Doe.[1] The magistrate judge recommended that the claims against these defendants should be dismissed with prejudice. Defendants did not object to the R&R or file a response to Brewer's objections. The objections are ripe for disposition.

---

[1] Many of the defendants are identified only by their job title and last name.

## II. Procedural and Factual[2] History

Brewer is a pro se prisoner. On January 31, 2020, while incarcerated at SCI-Houtzdale, he was attacked without provocation by fellow inmates. Brewer filed an initial complaint (ECF No. 1) alleging that defendants were deliberately indifferent to his safety and defendants filed a motion to dismiss it (ECF No. 14). In response, Brewer filed a motion for leave to file an amended complaint "to correct deficiencies," which the magistrate judge granted. The amended complaint (ECF No. 20) is the operative pleading. Defendants renewed their motion to dismiss (ECF No. 21). The magistrate judge recommended that defendants' motion be granted in part and denied in part, as follows: (1) the claims against officers Shaffer and Owens for failing to intervene in the attack would survive; and (2) the claims against all other defendants would be dismissed with prejudice. Brewer filed timely objections to the R&R (ECF Nos. 29, 30). Brewer concedes that the claim against "John Doe" should be dismissed. Defendants did not object to the R&R.

## III. Standard of Review

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C). Rule 72(b)(3) requires de novo review of any recommendation that is dispositive of a claim or defense of a party to which proper objections were made. *See Fraunhofer-Gesellschaft Zur Forderung Der Angewandten Forschung E.V. v. Sirius XM Radio Inc.*, No.

---

[2] The facts in the Amended Complaint are accepted as true for purposes of resolving the motion to dismiss and are construed in the light most favorable to plaintiff. *Krieger v. Bank of America*, 890 F.3d 429, 437 (3d Cir. 2018)

1:17CV184, 2021 WL 1147010, at *1 (D. Del. Mar. 25, 2021).  The court will conduct a de novo review of the recommendations in the R&R that the claims against defendants Smith, Salamon, Shea, Kovak and Mills be dismissed with prejudice.

A party's failure to timely object to a magistrate judge's conclusions "may result in forfeiture of de novo review at the district court level." *Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007) (citing *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987)).  A district court must take some action for an R&R to become a final order and the responsibility to make an informed, final determination remains with the district court judge.  *E.E.O.C. v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017).  As a matter of good practice, therefore, a district court should afford "reasoned consideration" to the uncontested portions of the report in order to "satisfy itself that there is no clear error on the face of the record." *Id.*; Fed. R. Civ. P. 72(b) advisory committee notes.  The court will review the recommendation about defendants Shaffer and Owens, to which defendants did not object, for clear error.

IV. <u>Discussion</u>

Brewer asserts Eighth Amendment deliberate indifference claims under § 1983 against various prison officials for failing to protect him from an attack by fellow inmates.  He asserts four distinct theories:

1. Superintendent Smith, Deputy Salamon, Captain Shea and Lieutenant Kovak (the "supervisory defendants") failed in their supervisory duty to implement adequate security in the south walk, a known violent area.

2. Shea and Kovak failed in their duties by not ordering periodic cell inspections of one of the alleged attackers, despite that attacker's documented behavior problems.

3. Shaffer and Owens failed to intervene in the attack or call for backup and let the attackers escape; and

4. Mills and John Doe failed their duty by letting the attackers out of the I-block with no callout, in violation of prison rules.

Each of these theories will be separately addressed. Brewer's deliberate indifference claims are subject to a high standard. Prison officials may be held liable, under limited circumstances, for failing to protect inmates from attacks by other inmates. As explained in *Williams v. Pennsylvania Department of Corrections*, No. 1:18-CV-170, 2020 WL 5237606, at *6 (W.D. Pa. Aug. 14, 2020), report and recommendation adopted, No. 1:18-CV-170, 2020 WL 5231417 (W.D. Pa. Sept. 2, 2020):

> The Eighth Amendment of the United States Constitution imposes a duty on prison officials to "take reasonable measures to guarantee the safety of inmates." *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). This includes the general duty to "protect prisoners from violence at the hands of other prisoners." *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). To state a viable failure-to-protect claim, the plaintiff must establish that: (1) he was incarcerated under conditions posing a substantial risk of serious harm; (2) the defendant was deliberately indifferent to that substantial risk; and (3) the defendant's deliberate indifference caused the plaintiff to suffer harm. *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012). The standard for deliberate indifference is subjective; thus, the prison official "must actually have known or been aware of the excessive risk to inmate safety." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001).

The standard required to state a claim is rigorous. The Third Circuit Court of Appeals recognized that inmates claiming danger confront prison officials with an arduous task because they may feign fear of harm for numerous reasons. *Bistrian*, 696 F.3d at 369-70.

In *Bistrian*, the court of appeals distinguished between a scenario in which officials ignored a particularized and plausible threat (which could support a deliberate indifference claim) from a scenario involving a generalized risk that an inmate with a history of violence might attack another inmate (which cannot support a deliberate indifference claim). In *Bistrian*, the court recognized a deliberate indifferent claim where defendant officials personally participated in an informant scheme with the plaintiff-inmate, knew the scheme was botched, and were repeatedly warned that the plaintiff was in danger and was being threatened due to his cooperation, but made no effort to prevent him from being placed in the exercise yard with the

4

targets of the scheme, where they attacked him. *Bistrian*, 696 F.3d at 368-69. By contrast, a plaintiff (even, as in *Bistrian*, a known cooperator) cannot succeed on a deliberate indifference claim based on "the risk that an inmate with a history of violence might attack another inmate for an unknown reason." *Id*. at 371. In *Williams*, the court dismissed deliberate indifference claims where the inmate never informed prison officials he had been targeted for extortion, identified the inmate, or explained why his interactions gave rise to a reasonable fear that he would be targeted for violence. *Williams*, 2020 WL 5237606 at *7. The court turns now to application of these legal principles to Brewer's amended complaint and the objections to the R&R.

    A. <u>Objections to the R&R</u>

        1. Supervisory liability – Smith, Salamon, Shea, Kovak

Brewer's claims based on the theory that the supervisory defendants were deliberately indifferent to violence on the south walk must be dismissed, albeit without prejudice. As aptly pointed out in the R&R, any allegation of deliberate indifference by the supervisors about security on the south walk is directly contrary to the allegation that officers Shaffer and Owens were stationed on the south walk, within feet of the attack. Brewer's amended complaint fails to allege facts adequately to support a plausible inference that the supervisory defendants were deliberately indifferent to attacks on the south walk. Brewer's amended complaint also fails to allege facts adequately to support an inference that the supervisory defendants' alleged indifference (rather than the alleged failure to intervene by officers Shaffer and Owens) caused Brewer's harm.

There are no allegations that the supervisory defendants were aware of any particularized threat by the alleged attackers toward Brewer. The amended complaint describes prior attacks on the south walk involving James Anderson, Keith Jones, Jones' friend "TR" and Lafon Ellis. There are no allegations, however, connecting Brewer, or his alleged attackers, to those prior

5

attacks (let alone allegations about defendants' knowledge of and deliberate indifference to such a connection).  Allegations about the attack referenced in the Amended Complaint fall short of raising a reasonable inference that Brewer could meet the standard set forth in *Bistrian*.  The magistrate judge's recommendation that these claims be dismissed will be adopted.

There is one allegation that requires further discussion.  In ¶ 38 of the Amended Complaint, Brewer alleges: "Plaintiff was transported to UPMC Altoona by ambulance.  Defendant B. Kovak and J.W. Oliver [not a defendant, role unknown] told plaintiff someone payed [sic] to have plaintiff killed." (ECF No. 20 ¶ 38).  It appears this statement was made to Brewer after the attack occurred.  There are no allegations that Kovak had knowledge about a particularized threat to Brewer prior to the attack.  If Kovak or J.W. Oliver did have particularized knowledge in advance, however, Brewer may be able to state a cognizable claim.

2.  Cell Inspection – Shea and Kovak

Brewer alleges that defendants Shea and Kovak failed in their duties by not ordering periodic inspections of the cell of one of the alleged attackers, despite his documented behavior problems.  This is very similar to the theory of liability that was rejected in *Bistrian*.  Absent allegations sufficient to support an inference of a particularized and plausible connection (for example, that Shea and Kovak knew the attacker was hiding a weapon in his cell to attack Brewer), the mere fact that one dangerous prisoner harmed another prisoner cannot support a deliberate indifference claim.   The magistrate judge's recommendation that these claims be dismissed will be adopted.

3. Letting attackers out of I-block – Mills and John Doe

Brewer alleges that defendants Mills and John Doe failed in their duties by letting the attackers out of the I-block with no callout slip, in violation of prison rules. This theory of deliberate indifference is not viable. As reflected in the R&R, Brewer does not contest the dismissal of the John Doe defendant. The Amended Complaint contains no allegations sufficient to support a reasonable inference that Mills (or John Doe) had any particularized awareness that the attackers posed a threat to Brewer. As pled, the failure to enforce the callout slip rules might constitute negligence, but does not rise to the level to support a reasonable inference of deliberate indifference. The magistrate judge's recommendation that these claims be dismissed will be adopted.

B. <u>Review for Clear Error-- Failure to intervene in the attack  - Shaffer and Owens</u>

Brewer alleges that Shaffer and Owens were stationed 15-20 feet away but failed to intervene in the attack or call for backup, despite Brewer's cries for help. The R&R recommended that the motion to dismiss the claims against Shaffer and Owens be denied. Defendants did not object.

This theory is cognizable. *See Smith v. Mensinger*, 293 F.3d 641, 650 (3d Cir. 2002) ("a corrections officer's failure to intervene in a beating can be the basis of liability for an Eighth Amendment violation under § 1983 if the corrections officer had a reasonable opportunity to intervene and simply refused to do so."). The magistrate judge's recommendation will be adopted and this aspect of the case will proceed. Defendants Shaffer and Owens shall file an answer to the Amended Complaint.

V. Leave to Amend

If a civil rights complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004); *accord Grayson v. Mayview State Hosp.*, 293 F.3d 103 (3d Cir. 2002). A district court must provide the plaintiff with this opportunity even if the plaintiff does not seek leave to amend. *Id.* In *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252-53 (3d Cir. 2007), the Third Circuit Court of Appeals confirmed that a district courts must grant leave to amend before dismissing a civil rights complaint for failure to state a claim.

The court recognizes that Brewer already filed an amended complaint in this case and did not seek leave to file a second amended complaint.  Brewer, however, did not have the benefit of guidance from a prior court decision when he filed his first amended complaint.  As explained above, although Brewer faces a difficult task, it is not clear that his claims of deliberate indifference by the dismissed named defendants are futile.  Brewer should be given an opportunity to replead his claims against those named defendants, if sufficient facts exist.  The case is in its earliest stage and the claims against Shaffer and Owens will proceed in any event. Under those circumstances, the opportunity for another amendment is not inequitable.  In sum, the claims against Smith, Salamon, Shea, Kovak and Mills will be dismissed without prejudice. The claims against John Doe will be dismissed with prejudice because Brewer does not contest the dismissal.

VI. Conclusion

For the reasons set forth above, the R&R correctly recommends that the motion to dismiss the Amended Complaint (ECF No. 21) should be denied in part (with respect to Shaffer and

Owens) and granted in all other respects. On or before August 13, 2021, defendants Shaffer and Owens shall file an answer.

The dismissal of the claims against defendants Smith, Salamon, Shea, Kovak and Mills will be without prejudice. On or before August 20, 2021, Brewer may file a second amended complaint. On or before September 17, 2021, defendants shall file a response to any second amended complaint.

The R&R will be adopted as the opinion of the court as supplemented and modified herein. An appropriate order follows.

Dated: July 22, 2021

                                                    BY THE COURT,

                                                   /s/ Joy Flowers Conti
                                                 Joy Flowers Conti
                                                 Senior United States District Judge