IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DONTE BREWER**, | ) | CIVIL ACTION NO.  20-1203 |
| | ) | |
| Plaintiff, | ) | JUDGE JOY FLOWERS CONTI |
| | ) | |
| v. | ) | |
| | ) | |
| **K. SHEA, Captain, B. KOVAK, Lieutenant, SHAFFER, Corrections Officer and OWENS, Corrections Officer,** | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

I. Introduction

Pending before the court is the magistrate judge's report and recommendation ("R&R") (ECF No. 45).  The magistrate judge recommended that a motion to dismiss (ECF No. 39) filed by supervisory defendants Captain Shea and Lieutenant Kovak with respect to a Second Amended Complaint ("SAC") filed by pro se plaintiff Donte Brewer ("Brewer") be denied.  No timely objections to the R&R were filed.

II. Procedural and Factual[1] History

Brewer is a pro se prisoner.  On January 31, 2020, while incarcerated at SCI-Houtzdale, he was attacked without provocation by fellow inmates.  As explained in this court's opinion of July 22, 2021 (ECF No. 31), defendants' motion to dismiss Brewer's Amended Complaint was denied in part (with respect to Shaffer and Owens) and granted in all other respects.  The dismissal of the claims against defendants Smith, Salamon, Shea, Kovak and Mills was without prejudice to Brewer's opportunity to file a SAC.  Brewer filed a SAC (ECF No. 38), alleging that

---

[1] The facts in the SAC are accepted as true for purposes of resolving the motion to dismiss and are construed in the light most favorable to plaintiff.  *Krieger v. Bank of America*, 890 F.3d 429, 437 (3d Cir. 2018)

the four remaining named defendants were deliberately indifferent to his safety. Corrections officers Shaffer and Owens filed an answer to the SAC. Captain Shea and Lieutenant Kovak filed a motion to dismiss the SAC.

### III.     Standard of Review

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C). Rule 72(b)(3) requires de novo review of any recommendation that is dispositive of a claim or defense of a party to which proper objections were made. *See Fraunhofer-Gesellschaft Zur Forderung Der Angewandten Forschung E.V. v. Sirius XM Radio Inc.*, No. 1:17CV184, 2021 WL 1147010, at *1 (D. Del. Mar. 25, 2021).

A party's failure to timely object to a magistrate judge's conclusions "may result in forfeiture of de novo review at the district court level." *Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007) (citing *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987)). A district court must take some action for an R&R to become a final order and the responsibility to make an informed, final determination remains with the district court judge. *E.E.O.C. v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017). As a matter of good practice, therefore, a district court should afford "reasoned consideration" to the uncontested portions of the report in order to "satisfy itself that there is no clear error on the face of the record." *Id.*; Fed. R. Civ. P. 72(b) advisory committee notes. The court will review the recommendation to deny the motion to dismiss filed by Shea and Kovak, to which defendants did not object, for clear error.

### IV.     Discussion

Brewer asserts Eighth Amendment deliberate indifference claims under § 1983 for failing to protect him from an attack by fellow inmates. He asserts that Captain Shea and Lieutenant Kovak fabricated documents about attacks and discipline, SAC ¶¶ 34, 42, and knew about at least two prisoners who were stabbed by his attacker, Leon Mills ("Mills"), a month or so before the attack on Brewer, SAC ¶ 35. Brewer alleges that even though multiple informants contacted Shea and Kovak to report that Mills stabbed multiple prisoners, Shea and Kovak never placed Mills under investigation in accordance with the security protocol, SAC ¶¶ 38, 40, 41. Brewer also alleges that Shea and Kovak had a policy or practice of not imposing adequate discipline for prisoner-on-prisoner attacks and do not care about prisoner safety, SAC ¶¶ 51, 69, 70.

The magistrate judge concluded that Brewer asserted several policies, customs and practices of Shea and Kovak that directly caused Brewer's harm. The court agrees that Brewer adequately pleaded claims against Shea and Kovak. As the court commented in its July 22, 2021 opinion: "If Kovak or J.W. Oliver did have particularized knowledge [of a danger to Brewer] in advance, however, Brewer may be able to state a cognizable claim." (ECF No. 31 at 6). There was no clear error in the magistrate judge's analysis.

V.    Conclusion

For the reasons set forth above, the R&R correctly recommends that the motion to dismiss the SAC (ECF No. 39) filed by supervisory defendants Captain Shea and Lieutenant Kovak should be denied. The R&R will be adopted as the opinion of the court as supplemented herein.

An appropriate order follows

Dated: March 24, 2022

BY THE COURT,

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge