**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH**

| | | |
|---|---|---|
| DONTE BREWER, | ) | |
| | ) | |
| | ) | 2:20-CV-01203-JFC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| K. SHEA, CAPTAIN; B. KOVAK, | ) | |
| LIEUTENANT; -. SHAFFER, | ) | |
| CORRECTOIN OFFICER; AND -. OWENS, | ) | |
| CORRECTIONS OFFICER, SUED IN | ) | |
| THEIR INDIVIDUAL CAPACITIES; | ) | |
| | ) | |
| | ) | |
| Defendants, | ) | |

## MEMORANDUM ORDER

**CYNTHIA REED EDDY, United States Magistrate Judge**

Presently before the Court is Plaintiff's Motion to Compel and for Sanctions ("Motion"). (ECF No. 116). Defendants Shea, Kovak, Shaffer, and Owens (collectively "Corrections Defendants") responded. (ECF No. 122). For the reasons that follow, the Motion will be **DENIED IN PART AND GRANTED IN PART**.

### A.  Legal Standard

Rulings regarding the proper discovery scope, and the extent which further discovery responses may be compelled, are matters committed to the court's judgment and discretion. *Robinson v. Folino*, No. CV 14-227, 2016 WL 4678340, at *2 (W.D. Pa. Sept. 7, 2016) (citation omitted); *see Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987). Still that discretion is limited by Fed. R. Civ. P. 26(b)(1), which reaches only "nonprivileged matter that is relevant to any party's claim or defense." Accordingly, "[t]he Court's discretion in ruling on discovery issues is therefore restricted by valid claims of relevance and privilege." *Robinson*, 2016

1

WL 4678340, at *2 (citing *Jackson v. Beard*, No. 3:CV-11-1431, 2014 WL 3868228, at *5 (M.D. Pa. Aug. 6, 2014) ("[a]lthough the scope of relevance in discovery is far broader than that allowed for evidentiary purposes, it is not without its limits . . . . Courts will not permit discovery where a request is made in bad faith, unduly burdensome, irrelevant to the general subject matter of the action, or related to confidential or privileged information.")).

The general framework for determining the scope of allowable discovery for cases in federal courts is provided by Fed. R. Civ. P. 26(b). For instance,

**(b) Discovery Scope and Limits.**

> **(1) Scope in General.** Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.
>
> **(2) Limitations on Frequency and Extent.**
>
> > *(A) When permitted*. By order, the court may alter the limits in these rules on the number of depositions and interrogatories or on the length of depositions under Rule 30. By order or local rule, the court may also limit the number of requests under Rule 36.
> >
> > *(B) Specific Limitations on Electronically Stored Information.* A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the

limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(C) When required.* On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

. . .

Fed. R. Civ. P. 26(b).

Generally, courts afford considerable latitude in discovery to ensure that litigation proceeds with "the fullest possible knowledge of the issues and facts before trial." *Hickman v. Taylor*, 329 U.S. 495, 501 (1947). The polestar of discovery is relevance, which, for discovery purposes, is interpreted broadly. "[A]ll relevant material is discoverable unless an applicable evidentiary privilege is asserted." *Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000). Evidence is considered relevant "if its probative value is substantially outweighed by the danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. When there is no doubt about relevance, a court should tend toward permitting discovery. *Heat & Control, Inc. v. Hester Indus.,*

*Inc.*, 785 F.2d 1017, 1024 (Fed. Cir. 1986) (citing *Deitchman v. E.R. Squibb & Sons, Inc.*, 740 F.2d 556, 556 (7th Cir. 1984)).

Fed. R. Civ. P. 34 requires a party served with document requests to either produce them or state a specific objection for each item or category objected to. The burden is upon the party objecting to discovery to state the grounds for the objection with specificity. Fed. R. Civ. P. 34(b)(2). *See Momah v. Albert Einstein Med. Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996) ("Mere recitation of the familiar litany that an interrogatory or a document production request is overly broad, burdensome, oppressive and irrelevant will not suffice.") (quoting *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982)). The objecting party must demonstrate in specific terms why a particular discovery request falls outside the broad scope of discovery or is otherwise privileged or improper. *Goodman v. Wagner*, 553 F. Supp. 255, 258 (E.D. Pa. 1982) ("[T]he party resisting discovery . . . must demonstrate 'specifically' how the request is burdensome.") (citation omitted). After an objection is articulated, the burden rests with the party seeking discovery to show that a discovery request lies within the bounds of Fed. R. Civ. P. 26. *Momah*, 164 F.R.D. at 417. The party opposing discovery must then convince the court why discovery should not be had. *Id.* (citing *Amcast Indus. Corp. v. Detrex Corp.*, 138 F.R.D. 115, 118–19 (N.D. Ind. 1991)).

Fed. R. Civ. P. 37 allows a party who has received evasive or incomplete discovery responses to seek a court order compelling additional disclosure or discovery. "The party seeking the order to compel must demonstrate the relevance of the information sought. The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper." *Option One Mortg. Corp. v. Fitzgerald*, No. 3:07-CV-1877, 2009 WL 648986, at *2 (M.D. Pa. Mar. 11, 2009) (citation omitted).

4

**B. Discussion**

On August 13, 2020, Plaintiff initiated this lawsuit under 41 U.S.C. § 1983 by filing a pro se complaint. Plaintiff's operative pleading is his Second Amended Complaint, and it alleges Eighth Amendment deliberate indifference claims against Corrections Defendants for failure to protect him from an attack by fellow inmates. *See* Second Am. Compl., (ECF No. 38). The factual background was fully discussed in the Court's R. & R. (ECF No. 45), as well the Mem. Opinion of the District Court dated March 25, 2022. The District Court agreed with the Court that Plaintiff's claims were adequately plead such that several asserted policies, customs, and practices of Corrections Defendants plausibly caused Plaintiff's harm. *See* Memo. Op. (ECF No. 46) at 3. As a result, the District Court adopted the Court's recommendation to deny dismissal of Plaintiff's Second Amended Complaint. *See* R. & R., (ECF No. 45), adopted by Mem. Op. and Order, (ECF Nos. 46, 47). Corrections Defendants soon after filed an answer. (ECF No. 48).

On April 13, 2022, the Court entered its first Case Management Order. (ECF No. 49). Following the filing of several status reports,[1] the Court ordered "[the parties] to meet and confer on the outstanding discovery issues," and that "[a]ny renewed motion to compel may be filed on or before 9/29/2023." (ECF No. 108). On September 14, 2023, the parties jointly moved to extend the deadlines for their meet and confer which the Court granted. (ECF Nos. 109, 110). On October 17, 2023, the parties jointly moved for extension of time to file a renewed motion to compel which the Court also granted. (ECF No. 111, 112).

---

[1]     On May 12, 2022, notice of appearance by counsel on behalf of Plaintiff was entered. *See* (ECF No. 51).

On November 22, 2023, the Court held a video status conference with the parties. (ECF Nos. 114, 115). During the conference, the Court instructed the parties to file a joint proposed Amended Case Management Order by December 1, 2023, to include the

> Date by which Plaintiff will complete review of all discovery documents; Date by which the parties will complete a second round of mediation; and Date by which all depositions shall take place.

(ECF No. 115). Following the conference, Plaintiff filed this pending Motion. (ECF No. 116).[2] On December 2, 2023, a proposed Amended Case Management Order was filed, and the Court granted it on December 4, 2023. (ECF Nos. 118, 119). On December 15, 2023, Corrections Defendants responded to the Motion. (ECF No. 122).

Plaintiff's discovery requests are addressed in turn.

### Ongoing Dispute about Request #13

Plaintiff at first sought "[a]ll reports in whatever form, related to assaults that occurred within SCI-Houtzdale from January 1, 2015 through the present." (ECF No. 116) ¶ 4. Plaintiff since "modified the request to run through the date of Plaintiff's assault on January 31, 2020." *Id.* ¶ 7. In affiliation, Plaintiff challenges Corrections Defendants' production of documents: he asserts they provided "Extraordinary Incident Reports," rather than any report. *Id.* ¶ 9. As a result, he requests an order from the Court that a specific "adverse inference" is established for purposes of motions and trial. *Id.* ¶ 15. *See* Pl. ['s] Proposed Order, (ECF No. 116-3).

In response, Corrections Defendants assert they will provide any other Extraordinary Incident Reports for the January 1-31, 2020, period. (ECF No. 122) at 2. Corrections Defendants

---

[2]   As exhibits, Plaintiff attached a thirty-nine-page transcript from a "Discovery Meeting" dated October 9, 2023, between Plaintiff's counsel and Corrections Defendants' counsel, (ECF No. 116-1); Plaintiff also attached a letterhead from Corrections Defendants dated October 23, 2023, that appears to be Corrections Defendants' additional responses to various interrogatories, (ECF No. 116-2).

also assert that "[Extraordinary Incident Reports] is the manner in which inmate-on-inmate assaults—to the extent [the Department of Corrections, "DOC"] is aware of such incidents—are documented within the DOC." *Id*. at 3. They argue that such reports are the best available means to provide the information requested. *Id.* As to Plaintiff's request for sanctions, Corrections Defendants respond that such is premature because discovery has not closed. *Id.* at 4.

Plaintiff's request to compel is **DENIED IN PART AND GRANTED IN PART**—to the extent not already provided, Corrections Defendants must provide Extraordinary Incident Reports for the January 1-31, 2020, period. As to Plaintiff's request for specific factual findings and jury instructions or trial-related sanctions, such is **DENIED**.

### *Ongoing Dispute about Request #40*

Plaintiff requests "all documents and communications from any person incarcerated at SCI-Houtzdale regarding [prisoner] Leon Mills, or another prisoner being assaulted." (ECF No. 116) ¶ 16. He argues that such information is necessary to show that Corrections Defendants were on notice of certain security issues but failed to adequately investigate or discipline as well specific issues with Plaintiff's alleged attacker, Leon Mills. *Id*. ¶¶ 23-24. Without such information, he requests that the Court take judicial notice of Corrections Defendants' "notice of a need to protect inmates from violence from other inmates generally, [Leon] Mills specifically, and failing to adequately investigate or otherwise protect Plaintiff from the January 31, 2020 Plaintiff suffered (sic)." *Id.* ¶ 27. *See* Pl. ['s] Proposed Order, (ECF No. 116-3).

In response, Corrections Defendants asserts that it consistently iterated to Plaintiff that the DOC does not maintain the requested information in any meaningful or organized fashion. (ECF No. 122) at 3. As to Plaintiff's request for sanctions, Corrections Defendants respond that such is premature because discovery has not closed. *Id.* at 4.

Considering the Corrections Defendants' response, Plaintiff's request is overly burdensome. That said, Plaintiff's requests may be obtained from a more convenient source: deposition(s). Plaintiff's request to compel is **DENIED**. As to Plaintiff's request for specific factual findings and jury instructions or trial-related sanctions, such is **DENIED**.

***Ongoing Disputes about Employee Files***

Plaintiff contends that the following discovery requests are relevant under Fed. R. Civ. P. 26(b)(1) yet withheld by Corrections Defendants:

> a. Defendant Kovac's Letter of Reassignment (no date identified);
> b. Defendant Kovac's FMLA leave request 1/11/206 (sic);
> c. Defendant Owens' DOC new hire employment application documents;
> d. Defendant Ownes' (sic) FMLA leave requests;
> e. Defendant Shaffer's Leave of absence letter 11/7/2019;
> f. Defendant Shaffer's DOC new hire employment application documents;
> g. Defendant Shaffer's Typed letter of 6/3/2021 informing of retirement date;
> h. Defendant Shaffer's Letter of acceptance of retirement 6/3/2021;
> i. Defendant Shaffer's military record;
> j. Defendant Shaffer's FMLA leave requests; and
> k. Defendant Shea's DOC new hire employment application documents.

(ECF No. 116) ¶¶ 28-29.

In response, Corrections Defendants assert they provided Plaintiff with documents from requested personnel files and identified categories of documents withheld in accordance with the Commonwealth of Pennsylvania Management Directive (505.18 Amended—Maintenance, Access, and Release of Employee Information). (ECF No. 122) at 3. Corrections Defendants argue that the withheld documents are irrelevant to Plaintiff's claims of deliberate indifference based on an alleged failure to protect him from an assault by another inmate. *Id.*

Relevance is generally "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman*, 329 U.S. 495).

Even so, while the scope of discovery under Fed. R. Civ. P. 26 is broad, it is not unlimited and may be circumscribed, as discovery should not serve as a fishing expedition. *See Bayer AG v. Betachem, Inc.*, 173 F.3d 188 (3d Cir. 1999). Plaintiff's request to compel is **DENIED** as moot or otherwise irrelevant and unlikely to lead to admissible evidence.

### *Ongoing Disputes about Interrogatory Responses*

Plaintiff alleges that Corrections Defendants have not responded to Interrogatory #10. (ECF No. 116) ¶ 38. Interrogatory #10 requests "[Corrections Defendants to] identify each time [a] Defendant [] investigated or otherwise responded to a report of an inmate being assaulted." *Id.* ¶ 34. Without such information, Plaintiff requests that the Court take judicial notice of Corrections Defendants' "notice of a need to protect inmates from violence from other inmates generally, [Leon] Mills specifically, and failing to adequately investigate or otherwise protect Plaintiff from the January 31, 2020 attack." *Id.* ¶ 40.[3] *See* Pl. ['s] Proposed Order, (ECF No. 116-3).

In response, Corrections Defendants assert they provided Plaintiff with Extraordinary Incident Reports which should indicate who was responsible for investigating each incident. (ECF No. 122) at 3. As to Plaintiff's request for sanctions, Corrections Defendants respond that such is premature because discovery has not closed. *Id.* at 4.

Plaintiff's request to compel is **DENIED** as moot. To the extent, however, that Extraordinary Incident Reports do not indicate who was responsible for investigating each incident, such information may be obtained via deposition(s). As to Plaintiff's request for specific factual findings and jury instructions or trial-related sanctions, such is **DENIED**.

---

[3]     The request is identical to Plaintiff's previous articulations for judicial notice. *See id.* ¶ 27.

**AND NOW**, this 22nd day of January, 2024;

For the reasons stated above, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel and for Sanctions is **DENIED IN PART AND GRANTED IN PART**.

<u>s/Cynthia Reed Eddy</u>
Cynthia Reed Eddy
United States Magistrate Judge

cc:     All Counsel of Record
        (via ECF electronic notification)

10